LEMON IMPORTING COMPANY, Respondent, *v.* GARFIELD SAVINGS BANK Co. (a Foreign Corporation), Appellant.

(Supreme Court, Appellate Term, First Department, January, 1919.)

Negotiable Instruments Law, § 223 — provisions of — bills, notes and checks — when plaintiff may not recover — statutes — when judgment directed for defendant on the merits.

Where plaintiff drew a sight draft which was accepted by defendant, and in an action based upon section 223 of the Negotiable Instruments Law, which provides that " an unconditional promise in writing to accept a bill before it is drawn is deemed an actual acceptance in favor of every person who, upon the faith thereof, receives the bill for value," and in an action to recover on said draft it is conceded that the goods in payment for which the draft was given were not up to standard and did not conform with the contract of sale, and that the drawee of the draft was justified in refusing to accept it in performance of the contract, it must be held that plaintiff did not " receive the bill for value " within the meaning of the statute, and may not recover thereon.

The acceptance and honoring of the draft were dependent on plaintiff's performance of the contract of sale according to its terms, and its conceded failure so to do, stripped the transaction of any consideration moving to defendant by plaintiff which would justify the claim of the latter as a holder of the draft for value, and a judgment in its favor will be reversed and judgment directed for defendant on the merits.

APPEAL by defendant from a judgment of the City Court of the city of New York, rendered in favor of the plaintiff.

Myers & Goldsmith (Gordon S. P. Kleeberg and Joseph Kaufmann, of counsel), for appellant.

Harry Weinberger, for respondent.

Appellate Term, First Department, January, 1919.   [Vol. 105.

DELEHANTY, J.   The question presented herein is one of law, there being no dispute as to the facts which were stipulated and are briefly as follows:

On July 28, 1916, one Grice sent a telegram to plaintiff asking for a quotation on a brand of lemons known in the trade as "Fancy Verdillis 300." In reply thereto plaintiff wired Grice on July 29, 1916, as follows: "We offer two hundred boxes 300 size, same quality as last, seven fifty. Balance to fill car 360 size, same brand six dollars. Must have quick answer. Bank guarantee." On July 31, 1916, plaintiff wired Grice as follows: "Telegram received. To-morrow our last lemon sale this week. If we receive your order and bank guarantee on time will accept one car, 360, six dollars." On the same day in answer to that offer Grice wired plaintiff as follows: "Book United Fruit & Vegetable Co. Amber Mob Ike (translated means 250 boxes 360 fancy Verdillis), same brand. Wiring guarantee." Later on same day plaintiff wired Grice as follows: "Telegram received late. We have only 120 boxes same brand. Will substitute balance for brands equally good. On receipt of bank guarantee will ship car." Pursuant to the foregoing correspondence, defendant on July 31, 1916, wired plaintiff as follows: "Will honor your draft on United Fruit and Vegetable Company for fifteen hundred dollars." On August 3, 1916, plaintiff sent defendant a sight draft, bill of lading attached, for the lemons referred to. On August 8, 1916, Grice notified plaintiff that the lemons had arrived but were found on examination to be imperfect, not what had been ordered and that he could not use them. On the same day plaintiff wired Grice as follows: "Car arrived Cleveland last Friday. You should have informed us sooner. Absolutely refuse to make allowance. If car intact forward to G. Catanzara Sons Pittsburg. Produce Yards Deliv-

ery.  Our market today for 360, fifty cents to a dollar
higher.  Rush answer.''  On same day Grice wired
plaintiff that car had been diverted to Pittsburg as
directed.  Thereupon defendant refused to accept the
draft in question and returned same to plaintiff.  The
lemons were sold by Catanzara Sons at a loss of
$430.92, for which amount the learned court below
directed judgment against defendant with interest
and costs, and from which judgment defendant
appeals.  It was agreed by the parties hereto for the
purpose of this suit that the shipment of lemons in
question was not up to standard and did not conform
to the contract and that the United Fruit and Vege-
table Company, defendant's client, was justified in
refusing to accept the same.  The basis of this action
is section 223 of the Negotiable Instruments Law which
provides that: ''An unconditional promise in writing
to accept a bill before it is drawn is deemed an actual
acceptance in favor of every person who, upon the faith
thereof, receives the bill for value.''  This provision
of law is a re-enactment of 2 Revised Statutes (6th ed.),
1160, section 8, and has been construed as not penal in
nature and entitled to a reasonable interpretation with
a view to accomplish the purpose intended.  *Louisiana
Nat. Bank* v. *Schuchardt,* 15 Hun, 405, 409.  In the con-
sideration of the case at bar it is well to remember
that the original parties to the transaction in question
are the only parties now involved.  No intervening
rights such as innocent holder for value or third par-
ties' claims are concerned.  Plaintiff was the drawer
of the draft, the United Fruit and Vegetable Company
the drawee and defendant the acceptor thereof.  In
view of the conceded fact that the lemons in question
were not up to standard and failed to conform to the
contract and that the United Fruit and Vegetable Com-
pany was justified in refusing to accept same in per-

formance thereof, it must be held that plaintiff did not " receive the bill for value." This is clearly apparent not alone from the facts stipulated but from the very intent of the parties based thereon. The acceptance and honoring of the draft were dependent on plaintiff's performance of its contract in the terms mentioned and its conceded failure so to do strips the transaction of any consideration moving to defendant by plaintiff which would justify the claim of plaintiff as a holder of the draft for value.

It follows that the judgment appealed from must be reversed and judgment directed for defendant·on the merits with costs.

GUY and BIJUR, JJ., concur.

Judgment reversed, with costs.